UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P109-R

RODNEY GRIMES                                                                          PLAINTIFF

v.

THOMAS SIMPSON *et al.*                                                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the claims will be dismissed and the others will continue.

### I.

Plaintiff Rodney Grimes, a convicted inmate at the Kentucky State Penitentiary (KSP), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against KSP officials, Thomas Simpson, Holbert Huddelston, Gregoary Howard, Michael Splindor, and Jasis Bryon. Plaintiff sues Defendant Bryon in his individual and official capacities. He does not specify in which capacity he sues the other Defendants.

Plaintiff alleges that on two occasions, Defendant Bryon removed him from his "normal clean cell on 13-Left Walk" and placed him in a dirty cell. On the first occasion, the cell was contaminated with another inmate's feces and urine spread all over the walls, bed, desk, and floor, and Defendant Bryon refused to provide Plaintiff with any cleaning materials to properly clean his cell. This incident lasted one week. Plaintiff alleges that this incident violated the Eighth Amendment.

On the second occasion, Plaintiff alleges that Defendant Bryon violated both the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment, when he forced Plaintiff out of his clean cell environment on 13-Left Walk so that a white inmate could have his clean cell. Plaintiff maintains that he was forced to live in an unclean environment, the size of a bathroom, with dust, germs and trash in the air duct contaminating his food. Defendant Bryon again refused to provide proper cleaning materials and forced Plaintiff to use unclean mop water used by 19 other inmates to clean their urine and feces. It is unknown whether Plaintiff is still being subjected to these conditions.

As relief, Plaintiff seeks monetary damages and injunctive relief.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III.

## A. Defendant Bryon

The official-capacity claims against Defendant Bryon must be dismissed on two bases. First, a state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Second, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against Defendant Bryon must be dismissed.

The Court will allow the official-capacity claims for injunctive relief and the individual-capacity claims for all relief to continue against Defendant Bryon under the Eighth and Fourteenth Amendments.

## B. Defendants Simpson, Huddelston, Howard, and Splindor

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff has alleged no facts involving Defendants Simpson, Huddelston, Howard, or Splindor. He merely identifies them as Defendants in the caption of the complaint. He, therefore, fails to give these Defendants fair notice of his claims against them and the grounds upon which they rest.

As Plaintiff has failed to state a claim upon which relief may be granted against these Defendants, dismissal of the claims against them is warranted.[1]

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005

---

[1] As with Defendant Bryon, any official-capacity claims for damages against these Defendants must be dismissed. Allowing any official-capacity claims for injunctive relief (which are actually claims against the Commonwealth of Kentucky) to proceed against these Defendants would be superfluous as the Court is already allowing those official-capacity claims to proceed by way of Defendant Bryon, who Plaintiff specifically indicated he was suing both individually and in his official capacity.