# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:10-CV-109

**RODNEY GRIMES**                                                                                    **PLAINTIFF**

**v.**

**THOMAS SIMPSON, ET AL.**                                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant Byron Jasis's Motion for Summary Judgment (Docket #17). Plaintiff has responded (Docket #18). Defendant has replied (Docket #19). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Rodney Grimes is a convicted inmate at the Kentucky State Penitentiary (KSP). On March 19, 2010, Grimes filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against KSP officials Thomas Simpson, Holbert Huddelston, Gregory Howard, Michael Splindor, and Jasis Bryon.[1] On August 26, 2010, the Court conducted an initial review of Grimes's Complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114, F.3d 601 (6th Cir. 1997). The Court allowed Grimes's official-capacity claims for injunctive relief and individual-capacity claims for all relief to continue against Defendant Jasis. The Court dismissed all claims against the remaining defendants.

Grimes alleges that Defendant Jasis violated his Eighth and Fourteenth Amendment rights by removing him from his clean cell on 13-Left Walk and placing him in a dirty cell on

---

[1]Defendant's motion indicates that his correct name is Byron Jasis.

two occasions. On the first occasion, Grimes alleges that the cell was contaminated with another inmate's feces and urine spread all over the walls, bed, desk, and floor. He further alleges that Defendant Jasis refused to provide him with cleaning materials to properly clean his cell. He was kept in that cell for one week. On the second occasion, Grimes alleges that he was forced out of his clean cell and forced to live in an unclean environment, the size of a bathroom, with dust, germs and trash in the air duct contaminating his food. He was refused proper cleaning supplies and forced to use unclean mop water which had been used by 19 other inmates to clean their urine and feces. Grimes alleges he was moved from his clean cell so that a white inmate could have it.

Defendant Jasis has moved for summary judgment on all of Plaintiff's claims. The Court now considers this motion.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which

the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Defendant alleges that Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) (2006). The PLRA mandates that inmates exhaust their administrative remedies before proceeding in federal court. *See Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). "'There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.'" *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Jones v. Bock*, 549 U.S. 199, 210 (2007)).

Defendant cites to Kentucky Corrections Policy and Procedures 14.6 in noting that an inmate challenging his conditions of confinement must first file a grievance, which is addressed through informal resolution. CPP 14.6, DN 17-3, p. 7-9. Next, the inmate may request a formal hearing with the grievance committee. *Id.* at 10. The inmate may then appeal to the Warden. *Id.* at 12. Finally, the inmate may appeal to the Commissioner. *Id.*

In this case, Plaintiff attached three items which he claims are proof that he has exhausted his remedies under the PLRA. The first document is an "Inmate Grievance Form" which complains of the lack of nutritionally adequate food and that he has not been allowed to shower

3

or shave for one week. DN 18-8, p. 1. There is no indication that Plaintiff complained about a dirty cell. The form is dated November 7, 2010, and there is no indication of any informal resolution. *Id.* The second is a "Grievance Rejection Notice" which indicates that his grievance is being returned to him because he failed to grieve each issue separately. Again, this document does not indicate that the grievance was related to a dirty cell. Instead, it only states: "Each issue must be grieved separately. Currently have one on showers." DN 18-2, p. 1. The third document is titled "Affidavit" and is not signed or dated. It states:

> I have been in three cell house and I know inmate William Pennington. He is a white inmate that plays in his feces. He wraps his feces up in newspapers and puts it under his bunk bed. When I was there they had to make him take a shower and order him to use the soap too. But they never would write him up for it.

DN 18-2, p. 2. There is no indication that this affidavit was written by Plaintiff. Moreover, even if it was, it fails to address his own conditions of confinement.

The Court finds that Plaintiff did not exhaust his remedies pursuant to CPP 14.6 before filing this lawsuit. As such, the Court may not hear his claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.